UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

YOANDY FERNANDEZ MORALES,

Plaintiff,

v.

BENEDICTO GUTIERREZ,

Defendant.

Case No. 2:20-cv-00679-APG-EJY

**Order**

**and**

**Report and Recommendation**

**Re: ECF No. 24-1**

Pending before the Court is Plaintiff's Motion for Leave to Amend (ECF No. 24) and Plaintiff's proposed First Amended Complaint (ECF No. 24-1).

**I.      Plaintiff's Motion for Leave to Amend.**

Plaintiff's Motion for Leave to Amend was filed on September 24, 2021.  Defendant did not file a response to Plaintiff's Motion.  Local Rule 7-2(d) allows the Court to treat the failure to respond to or oppose a motion as consent by the non-moving party to the granting of that motion.  In addition, the Court finds the Motion for Leave to Amend was timely filed and is substantively appropriate.  Therefore, Plaintiff's Motion for Leave to Amend is granted and the Court proceeds with screening Plaintiff's First Amended Complaint ("FAC").

**II.     Screening the Complaint.**

In screening a complaint, a court must identify cognizable claims and dismiss all claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915(e)(2) when reviewing the adequacy of this Complaint.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Federal Rule of Civil Procedure 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."  To survive § 1915(e)(2) review, a complaint must "contain

1    sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

2    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  All allegations of material fact are taken as true and

3    construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys.*

4    *Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  Nonetheless, a plaintiff must provide more than mere labels

5    and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court liberally

6    construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff

7    can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v.*

8    *Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

9        Finally, all or part of a complaint filed by a person proceeding under § 1915 may be dismissed

10   *sua sponte* if the claims lack an arguable basis either in law or in fact.  This includes claims based

11   on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit

12   or claims of infringement of a legal interest which clearly does not exist), as well as claims based on

13   fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S.

14   319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

15   **III.    Analysis of Plaintiff's FAC.**

16        A.    Plaintiff's Fourteenth Amendment Due Process and Cruel and Unusual Claims Fail
17            as a Matter of Law.

18        Plaintiff's Fourteenth Amendment due process claim fails to state a cognizable claim.

19   Plaintiff filed numerous grievances (*see* ECF No. 24-1 at 17 through 37) and received responses that

20   he found unsatisfactory, technically incorrect, and demonstrative of deliberate indifference to his

21   medical needs.  *Id*.  However, the due process clause of the Fourteenth Amendment creates "no

22   legitimate claim of entitlement to a [prison] grievance procedure."  *Mann v. Adams*, 855 F.2d 639,

23   640 (9th Cir. 1988).  Moreover, a plaintiff's claim that a defendant "failed to process his grievances

24   fail[s] to state claims under the First or Fourteenth Amendments."  *Nguyen Tien Minh v. Giubino*,

25   225 Fed. Appx. 674, 675 (9th Cir. 2007) (citations omitted).  So too does a claim that Southern

26   Desert Correctional Center ("SDCC") delayed in responding to Plaintiff's grievances.  *Velasquez v.*

27   *Barrios*, 473 Fed. Appx. 773, 774 (9th Cir. 2012) *citing Ramirez v. Galaza*, 334 F.3d 850, 860 (9th

28   Cir. 2003) (delay or inaction in responding to a medical grievance does not "serve as the basis for a

due process claim because a prison's grievance procedures do not confer any Fourteenth Amendment rights upon inmates."). Thus, the Court recommends Plaintiff's Fourteenth Amendment Due Process claims be dismissed with prejudice.

In addition to his Eighth Amendment claims, Plaintiff's First and Second Causes of Action are brought under the Fourteenth Amendment of the U.S. Constitution and allege deliberate indifference to medical needs. However, Plaintiff files these claims post-conviction; hence, Plaintiff may only state deliberate indifference claims under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Redman v. County of San Diego*, 942 F.2d 1435, 1440 n. 7 (9th Cir. 1991) ("Thus, while the eighth amendment proscribes cruel and unusual punishment for convicted inmates, the due process clause of the fourteenth amendment proscribes any punishment of pretrial detainees."). For this reason, the Court recommends Plaintiff's Fourteenth Amendment deliberate indifference to medical needs claim be dismissed with prejudice.

B.    <u>Plaintiff's Eighth Amendment Cruel and Unusual Punishment Deliberate Indifference Claims May Proceed in Part</u>.

The government has an obligation to provide medical care for those whom it punishes by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). But, not every breach of that duty is a constitutional violation. In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a "deliberate indifference to serious medical needs of prisoners." *Id*. at 104.

Generally, deliberate indifference may be shown by the way prison officials provide medical care or when prison officials deny, delay or intentionally interfere with medical treatment. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988). Before the Court can say that a prisoner's civil rights have been abridged with regard to medical care "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)

*overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (*en banc*) ("[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs").  A difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

An Eighth Amendment medical claim has two elements: (1) the seriousness of the prisoner's medical need; and (2) the nature of the defendant's response to that need.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A medical need is serious "if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities[.]"  *Id.* at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  *Farmer*, 511 U.S. at 834.  The second element of an Eighth Amendment deliberate indifference claim is satisfied through showing of a "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  *Farmer*, 511 U.S. at 835 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)); *Jett*, 439 F.3d at 1096 ("[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs"); *McGuckin*, 974 F.2d at 1060 ("[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established").

Here, in Count I Plaintiff claims that he suffered "chronic abdominal pains" that began on January 9, 2019.  He submitted an "emergency grievance" on that day and was told, in response, that his pain was not an emergency and to submit a Kite instead.  Plaintiff avers that a Kite would result in a six to nine week wait to be seen.  Plaintiff explains that he speaks only Spanish, that it is very

difficult for him to express his medical needs in English, that he is Cuban and a trained health care provider, that Defendant Gutierrez, the Director of Nursing, "breached his duty as [a] state official by lacking supervision of the SDCC's medical staff['s] lackluster performance in [a] medical situation," and that about six hours after Plaintiff submitted his emergency grievance "a Spanish speaking correctional officer arrived … and advised … [him] that if they took Plaintiff to medical, he would only receive ibuprofen for his pain."

Plaintiff says that at about 3 a.m. (on either January 9 or 10) he was "aggressively transported to SDCC's medical facility to see a doctor." Plaintiff alleges he was handcuffed; told to lie face down resulting in worsening pain; given medication without a medical assessment; the medication did not help him; he asked to see "Dr. Henry Landsman or any doctor/practitioner"; and, all of the grievances submitted were signed by Defendant Gutierrez showing his actual knowledge of Plaintiff's serious medical needs and failure to respond.

Plaintiff states that Gutierrez "in his individual and official capacity is liable for deliberate indifference to Plaintiff['']s … serious medical need[s], the complete disregard and deliberate indifference caused Plaintiff to have … severe gastritis …, which further harm was caused by SDCC's medical staff [through] delay in provid[ing] a lab test." Plaintiff says the lab test, done five months after he was first seen, showed the presence of a particular type of bacteria causing severe gastritis, which if left untreated "will cause further harm" including, allegedly, "cancer and even death."

In Count II, Plaintiff states he was seen by Dr. Landsman on January 15, 2019, but no translator was provided causing substantial difficulty in communicating his symptoms. Plaintiff complains that Dr. Landsman did not request an interpreter and ended up providing "the wrong form of treatment." Prescribing ibuprofen for his gastritis, which Dr. Landsman allegedly took no action to diagnose, was "a mistake that caused [Plaintiff] more harm than relief." Plaintiff says his excruciating pain lasted for more than three months. Plaintiff states he submitted another medical Kite in May 2019 for a severe cough, which also included the need for a Spanish interpreter, but no medical visit was scheduled.

On June 11, 2019, Plaintiff submitted a medical Kite alleging he was provided no interpreter, the wrong medical test and treatment due to a language barrier, and that his stomach pain was causing nausea. Plaintiff apparently saw Dr. Landsman the next day. Plaintiff concludes that the actions up to this point put his health and, potentially, his life at risk. Dr. Landsman's actions were negligent and showed a "willful disregard for an obvious medical problem" that demonstrated "deliberate indifference." Plaintiff says that Dr. Landsman's "professional ethics are shady" and that Dr. Landsman should be held liable in his individual and official capacities for "gross negligence, medical malpractice, and delay in medical care putting" Plaintiff's health and life at risk.

In Count III of Plaintiff's FAC, Plaintiff again alleges an Eighth Amendment medical deliberate indifference claim. However, Count III is against the Grievance Coordinator Drasen who Plaintiff states showed a "lack of concern" for Plaintiff's health by failing to provide a translator, failing to respond to grievances and, when doing so, repeatedly rejecting grievances based on Plaintiff's alleged administrative failures.

> 1.    *Plaintiff's Claims Against Benedicto Gutierrez, the Director of Nursing.*

Plaintiff alleges that Gutierrez was personally involved in the deliberate indifference to Plaintiff's medical care by failing to supervise SDCC's medical staff resulting in a "lackluster performance in [an] emergency situation" and deliberately ignoring Plaintiff's constant pleas for immediate medical help. Plaintiff further states that all of his "medical requests were signed and dated by" Gutierrez demonstrating his personal involvement the deliberate indifference to Plaintiff's need for medical care causing Plaintiff to have "severe gastritis" and "severe damage to Plaintiff's health." A review of various grievances and the Medical Kites and/or Service Reports show apparent signatures of individuals from "medical," but the signatures are not legible to the Court. The Court notes that several of Plaintiff's grievances seek a translator so that Plaintiff's medical concerns could be adequately understood by SDCC's medical staff and that no translator was provided.

When viewing the pleading and information provided in a light most favorable to Plaintiff as the Court must do,[1] and considering the attachments as incorporated into Plaintiff's FAC, which the

---

[1]    *Wyler Summit P'ship*, 135 F.3d at 661.

Court is able to do as Plaintiff clearly refers and relies on their contents,[2] the Kites and Reports demonstrate a prolonged delay with an apparent failure to respond to repeated requests for medical care and an interpreter.[3]  These facts, together with Plaintiff's allegations that Gutierrez directly participated in the decisions to deny care and an interpreter, are sufficient to state a facial deliberate indifference to medical care claim against Gutierrez for money damages in his individual capacity.[4]

### 2.    *Plaintiff's Claims Against Dr. Landsman.*

When Plaintiff saw Dr. Landsman for the first time on January 15, 2019, Dr. Landsman did not ask for a translator, did not understand Plaintiff's concerns, and instead provided Plaintiff the wrong treatment—ibuprofen—which Plaintiff says caused him more harm than good.  Plaintiff states he remained in pain for over three months and, in May 2019, submitted another medical Kite that was ignored.  Plaintiff submitted a third medical Kite on June 11, 2019, leading to an appointment with Dr. Landsman on June 12, 2019.  Plaintiff alleges that Dr. Landsman prescribed some medicine that day, which Plaintiff was to start taking immediately, but as of June 16, 2019 he still did not have the medication.  Plaintiff concludes that by prescribing the wrong medication in January, Dr. Landsman exacerbated his medical condition, caused him pain and harm, and put his health at risk.  Plaintiff states Dr. Landsman no longer works for SDCC and was escorted off the property under suspicion of engaging in some criminal activity.

The allegations above allege sufficient facts to state a facial Eighth Amendment deliberate indifference to medical care claim against Dr. Landsman.  *Farmer*, 511 U.S. at 837; *Peralta*, 744 F.3d at 1086.  While Plaintiff alleges he saw Dr. Landsman twice, it is the first visit in January 2019 that supports this claim.  On this occasion, Dr. Landsman allegedly prescribed ibuprofen despite not seeking an interpreter, not understanding Plaintiff's medical concerns, doing no exam, and ordering no tests.  Plaintiff states that it was Dr. Landsman's failures to act that resulted in three months of terrible pain and caused harmful bacteria to form in his abdominal area.

---

[2]    *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[3]    The first Medical Kite dated March 18, 2019, and as of August 19, 2019, Plaintiff still has not received the proper medication.  ECF No. 24-1 at 50 and 59.

[4]    Plaintiff cannot obtain money damages against individuals under official capacity claims. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Howard v. Cox*, Case No. 2:17-cv-01002-JAD-BNW, 2020 WL 3621341, at *3 (D. Nev. July 2, 2020).

On its face, these allegations demonstrate that Dr. Landsman's failure to respond to a prisoner's pain and possible medical needs was harm caused by indifference. Thus, Plaintiff's Eighth Amendment deliberate indifference claim will proceed against Dr. Landsman in his individual capacity for money damages. *See* n. 4.

> 3.    *Plaintiff's Eighth Amendment Claim Against Grievance Coordinator Drasen*.

Plaintiff's claims against Defendant Drasen are premised on the rejection of grievances on April 13, June 25, and July 18, 2019 based on missing documentation in accordance with an Administrative Regulation. Plaintiff says that "defendant John/or Jane Doe did not want to solve Plaintiff's Complaint" and that the grievance coordinator found an "easy solution."[5] Plaintiff says he complied with the grievance procedure despite the fact that he does not speak English, and that his pleas were ignored. Plaintiff says he alerted Drasen to his medical needs, but Drasen took the administrative approach of repeatedly rejecting his grievances based on technicalities.

As explained above, Plaintiff has no constitutionally protected entitlement to any specific grievance procedure, and the delay or inaction when responding to a grievance does not confer any Fourteenth Amendment rights on Plaintiff. *Mann*, 855 F.2d at 640 (9th Cir. 1988); *Velasquez*, 473 Fed. Appx. at 774 *citing Ramirez*, 334 F.3d at 860. Further, Drasen is not alleged to have authority over the medical staff or to have any ability to provide medical care for Plaintiff. And, it is not clear to the Court that, in his role as grievance coordinator, Drasen had the authority to order a translator to be present during Plaintiff's medical visits. In any event, Plaintiff does not allege the failure to provide a translator was caused or contributed to by Drasen. Instead, Plaintiff alleges that Drasen should be held liable in his official and individual capacities for deliberately ignoring Plaintiff's serious medical needs.

The Court finds Plaintiff's allegations are insufficient to state a deliberate indifference to medical needs claim under the Eighth Amendment against Drasen. Unlike Gutierrez and Dr. Landsman, Drasen is not alleged to be a health care provider. He is not alleged to have any authority except the authority to process grievances. Even assuming Drasen was overly technical or incorrect

---

[5]    Plaintiff does not identify any Jane or John Doe as a defendant in his FAC. ECF No. 24-1 at 2.

1    in his technical application of grievance procedures under Administrative Regulations, this does not

2    state a violation of Plaintiff's Eighth Amendment rights.

3        C.    Plaintiff's FAC Seeks Injunctive Relief Requiring Bilingual Medical Staff or
             Translators.

4

5        On January 20, 2021, the Court issued an Order stating: "*In Anderson v. Cty. of Kern*, 45

6    F.3d 1310 (9th Cir.), *opinion amended on denial of reh'*g, 75 F.3d 448 (9th Cir. 1995), the Ninth

7    Circuit recognized that failure to provide translators can constitute deliberate indifference. *Id.* at

8    1316." ECF No. 7 at 7.

9        The Ninth Circuit, quoting a Seventh Circuit case, held: An impenetrable language
         barrier between doctor and patient can readily lead to misdiagnoses and therefore

10       pain and suffering. This type of language problem which is uncorrected over a long
         period of time and as to which there is no prospect of alleviation, can contribute to

11       unconstitutional deficiencies in medical care. *Id.* (quoting *Wellman v. Faulkner*,
         715 F.2d 269, 272 (7th Cir. 1983)).

12

13   *Id*. Based on this law, the Court permitted Plaintiff's Eighth Amendment deliberate indifference

14   claim to proceed "because '[a] plaintiff seeking injunctive relief against the State is not required to

15   allege a named official's personal involvement in the acts or omissions constituting the alleged

16   constitutional violation. Rather, a plaintiff need only identify the law or policy challenged as a

17   constitutional violation and name the official within the entity who can appropriately respond to

18   injunctive relief.'" *Id*. quoting *Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014).

19       Once again, Plaintiff's allegations support his injunctive relief claim. Despite repeated

20   grievances in which Plaintiff asked that a translator be provided during his medical visits, none was

21   provided and Plaintiff's medical care was substantially negatively impacted as a result. Dr.

22   Landsman did not request a translator and could not understand Plaintiff's concerns due to language

23   and accent barriers. Gutierrez, who is alleged to have denied medical grievances seeking a translator,

24   is alleged to have directly contributed to Plaintiff's prolonged pain, which grew worse over time,

25   and allegedly caused his health to deteriorate. Moreover, because Plaintiff was unable to

26   communicate with the medical staff about his condition, the medical staff allegedly incorrectly

27   treated him and provided contra-indicated medication. The facts alleged demonstrate that Plaintiff

28   had a serious medical need, which was left untreated resulting in the unnecessary infliction of pain.

Had a translator been requested or provided by medical staff in response to Plaintiff's requests, the delay in successful alleviation of pain may have been prevented.

       D.     <u>Plaintiff's Medical Diet Allegations</u>.

As explained in the Court's prior Order, to the extent Plaintiff attempts to re-raise claims about not receiving his medical diet, those claims are recommended for dismissal without prejudice because Plaintiff raises these issues in another case, *Morales v. Guiterez et al.*, Case No. 2:20-cv-01679-GMN-DJA.

**IV.    Order**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend (ECF No. 24) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Eighth Amendment deliberate indifference to medical needs claim against Benedicto Gutierrez and Dr. Landsman, in their individual capacities seeking monetary relief, shall proceed.

IT IS FURTHER ORDERED that Plaintiff's Eighth Amendment deliberate indifference to medical needs claim seeking injunctive relief against Gutierrez and Landsman, in their official capacities, for failure to provide translation services for non-English speaking inmates when seeking medical care shall also proceed.

IT IS FURTHER ODERED that Defendant Gutierrez, on whose behalf the Nevada Attorney General's Office has accepted service, shall respond to Plaintiff's First Amended Complaint within **thirty (30)** days of the date of this Order.

IT IS FURTHER ORDERED that the Attorney General's Office shall advise the Court within **thirty (30)** days of the date of this Order whether it will accept service on behalf of Dr. Landsman.  If service cannot be accepted on behalf of Dr. Landsman, the Attorney General's Office shall file a notice under seal providing Dr. Landsman's last known address.  Such notice shall not be served on Plaintiff.

**V.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Fourteenth Amendment due process claims be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against the individual defendants in their official capacities seeking money damages be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Eighth Amendment claim against Grievance Coordinator Drasen be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claims regarding his medical diet be dismissed without prejudice.

Dated this 8th day of December, 2021.


_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).