UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| YOANDY FERNANDEZ MORALES, | Case No. 2:20-cv-00679-APG-EJY |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| BEN GUITEREZ, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for an Order Compelling Discovery Per Federal Rule of Civil Procedure 37(a).  ECF No. 41.  The Court has considered the Motion, Defendant's Response, and Defendant's Motion for Modified Scheduling Order.  ECF Nos. 44 and 45.

Plaintiff's Motion first focuses on Defendant's failure to timely engage in a meet and confer ordered by the Court.  It is true that the Court entered an Order on December 10, 2021 denying, without prejudice, Plaintiff's then-pending Motion to Compel and ordering the parties to meet and confer within 30 days.  ECF No. 29.  Defendant demonstrates that, despite good faith and best efforts, he was not able to arrange a call with Plaintiff until February 7, 2022.  On February 7, Plaintiff and Defendant spoke by phone.  The Court rejects Plaintiff's contention that Defendant's actions are unethical, unprofessional and meant to sabotage Plaintiff's case.

Plaintiff second asks the Court to compel Defendant to respond to his document requests, interrogatories, and request for admissions propounded on or about October 23, 2021.  ECF No. 41 at 3; *see also* ECF No. 27.  However, Plaintiff fails to identify what specifically he seeks to compel. Plaintiff cannot raise these issues for the first time in reply as doing so would deprive Defendant of a meaningful opportunity to respond.  *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990) (internal citations omitted).

In light of ongoing discovery issues and the lapse of the dispositive motion deadline, which occurred in the midst of the assignment of a new Assistant Attorney General, Defendant seeks a reopening of discovery and extension of deadlines. Further, the Court entered an Order on January 10, 2022 allowing Plaintiff to proceed with serving Dr. Henry Landsman who is not represented by the State. Thus, granting Defendant's request serves Plaintiff as well as Defendant in this case. The Court therefore exercises its discretionary authority to control its docket and the discovery process and grants this request to allow both parties to complete discovery.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for an Order Compelling Discovery Per Federal Rule of Civil Procedure 37(a) (ECF No. 41) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Modified Scheduling Order (ECF No. 45) is GRANTED in part as follows:

- Discovery is **reopened effective February 22, 2022** (five days after the date of this Order).
- The discovery period shall run for 90 days from **February 22, 2022** to **May 23, 2022**. **All discovery must be completed by or before May 23, 2022**.
- To the extent Defendant has not responded to Plaintiff's previously propounded discovery requests, Defendant must do so no later than **March 21, 2022**. The production of documents by Defendant, if any, **must** be made by that date. If Defendant is concerned with Plaintiff having copies of documents in Plaintiff's cell, Defendant **must** arrange for Plaintiff to be able to review the responsive documents no later than **April 8, 2022**. Plaintiff **must** be provided a pad and pen or pencil with which to take notes. Plaintiff **must** also be provided with a reasonable means to mark documents he seeks copied. Plaintiff must pay for any copying charges out of Plaintiff's trust account. The length of time for review of documents must be commensurate with the number of documents Plaintiff is provided for review.
- If following receipt of Defendant's responses, including objections, Plaintiff believes Defendant has not adequately responded, Plaintiff and Defendant **must** meet and

confer by telephone before any motion to compel or motion for protective order will be considered by the Court.

- Any motion to compel or for protective order **must** be filed no later than **April 29, 2022**.
- All written discovery to be served by mail, **must** be mailed no later than **April 20, 2022.**
- The expert disclosure deadline is **not** reopened; provided, however, that if any party believes experts are required in this case, that party may file a motion with the Court requesting relief from this Order.
- The deadline for adding parties and amending the complaint is **not** reopened by this deadline.
- The deadline for filing dispositive motions is reset to **June 30, 2022**. Oppositions must be filed no later than **July 21, 2022**, and replies must be filed no later than **August 4, 2022**.
- If no dispositive motions are filed, the proposed joint pretrial order shall be due **July 29, 2022**. If dispositive motions are pending on this date, the due date for the joint pretrial order is extended to thirty (30) days after the Court rules on such motion.

Dated this 17th day of February, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3